**LEISINGER LAW, LLP**
Rory Leisinger, Esq. (SBN: 277476)
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Email: Rory@leisingerlaw.com
Attorney for Plaintiff,
TERRY PERALES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| TERRY PERALES, | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| v. | **(Unlawful Debt Collection Practices)** |
| ATLANTIC CREDIT & FINANCE, INC., | |
| Defendant. | |

## VERIFIED COMPLAINT

TERRY PERALES (Plaintiff), by her attorneys, Leisinger Law, LLP, alleges the following against ATLANTIC CREDIT & FINANCE, INC., (Defendant):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*, in violation of the Fair Debt Collection Practices Act, (hereinafter "FDCPA"), 15 U.S.C. 1692, and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter RFDCPA), Ca Civ. Code § 1788.17.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in Los Angeles County, in the City of Whittier, California.

5. Defendant is a corporation doing business in the State of California, and is a Virginia corporation with its principal place of business located in Roanoke, Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (562) 881-13XX.

10. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, (540) 772-7800 and (800) 888-9419.

PLAINTIFF'S COMPLAINT

11. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("ATDS").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Terry Perales.

13. Courts throughout the nation have held that a Defendant's alleged usage of an ATDS may be implied by both the number and timing of Defendant's calls.

14. The number of calls placed to Plaintiff and the timing of said calls is such that Plaintiff is justified in inferring that the calls were placed using an ATDS.

15. When Plaintiff answered Defendant's phone calls, Plaintiff experienced a delay before a live human voice came on the line.

16. During each phone call where Plaintiff spoke to a live human, that caller only came on the line after a delay of a few seconds.

17. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

18. Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

19. On September 17, 2015, at or around 10:00 a.m. Pacific Standard Time, Plaintiff answered a call from Defendant with caller identification (800) 888-9419. Plaintiff spoke with Defendant's representative, "Rice" and requested that Defendant cease calling Plaintiff's phone.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, to call Plaintiff's cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in Plaintiff's conversation with Defendant's representative on September 17, 2015.

21. Despite Plaintiff's request to cease, Defendant placed another collection call to Plaintiff on October 1, 2015.

22. Defendant continued to place up to 9 collection calls per day to Plaintiff through November 4, 2015.

23. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at forty-five (45) automated calls to Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

26. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

27. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in Paragraphs 1-31.

33. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

   b. Defendant violated *§1692d(5)* of the FDCPA by causing the phone to ring or engaged any person in telephone conversations repeatedly; and

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the debt collection

WHEREFORE, Plaintiff, TERRY PERALES, respectfully requests judgment be entered against Defendant, ATLANTIC CREDIT & FINANCE, INC., for the following:

31. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

32. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692(k);*

33. Actual damages;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692(k)*; and

35. Any other relief that this Honorable Court deems appropriate.

**FOURTH CAUSE OF ACTION**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CA CIV CODE § 1788.17**

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, TERRY PERALES, respectfully requests judgment be entered against Defendant, ATLANTIC CREDIT & FINANCE, INC., for the following:

38. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

39. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

40. Actual damages,

41. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

42. Any other relief that this Honorable Court deems appropriate.

- 6 -

PLAINTIFF'S COMPLAINT

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED: May 18, 2016      **LEISINGER LAW, LLP**

By: */s/ Rory Leisinger*
Rory Leisinger, Esq. (SBN: 277476)
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Email: Rory@leisingerlaw.com
Attorney for Plaintiff,
TERRY PERALES

PLAINTIFF'S COMPLAINT